B2030 (Form 2030) (12/15)

## United States Bankruptcy Court
### District of South Carolina

In re  **Faith Cathedral Look Up and Live Ministries, Inc.**                    Case No.
Debtor(s)                    Chapter    **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   ☐ **FLAT FEE**

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **0.00** |
   | Prior to the filing of this statement I have received | $ **0.00** |
   | Balance Due | $ **0.00** |

   ☑ **RETAINER**

   | | |
   |---|---|
   | For legal services, I have agreed to accept and received a retainer of | $ 10,000.00 |
   | The undersigned shall bill against the retainer at an hourly rate of | $ See Attached Engagement Agreement |

   [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. The source of the compensation paid to me was:

   ☑ Debtor        ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☑ Debtor        ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

In re  **Faith Cathedral Look Up and Live Ministries, Inc.**                                    Case No. _____
                                    Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **August 23, 2020** | **/s/ Robert Pohl** |
|---|---|
| *Date* | **Robert Pohl** |
| | *Signature of Attorney* |
| | **Pohl, P.A.** |
| | **P.O. Box 27290** |
| | **Greenville, SC 29616** |
| | **864-233-6294  Fax: 864-558-5291** |
| | **Robert@POHLPA.com** |
| | *Name of law firm* |



POHL
ATTORNEYS AT LAW

# ENGAGEMENT AND FEE AGREEMENT

1. **Parties.** Faith Cathedral Look Up And Live Ministries, Inc., a South Carolina Nonprofit Corporation, located at 7200 Augusta Road, Piedmont, SC 29673 (the "Client") hereby engages and retains POHL, PA (the "Firm") this 20th day of August 2020, to represent and provide certain legal services to Client. The scope of such legal services are set forth in the following paragraph and such legal services shall be subject to the terms and conditions set forth in this Engagement and Fee Agreement (the "Agreement").

2. **Scope of Engagement and Representation.**

    a. The Firm agrees to represent the Client and provide legal service to the Client in connection with preparing, filing and legal representation in a corporate bankruptcy (the "Matter").

    b. The Firm's engagement and the legal services that the Firm will provide to the Client are limited to the Matter. Any changes in the scope of the Firm's representation, as described in this Agreement, must be approved by the Client and the Firm. The Firm does not agree to represent the Client in any other matters not described above without a separate written agreement. The Firm's scope of representation regarding the Matter does not include an appeal from an administrative or judicial decision in connection with the Matter. In the event the Client desires to appeal an adverse decision or to defend an appeal by an adverse party, a separate agreement between the Client and the Firm will be required.

3. **Outcome of Representation.** The Client understands that the outcome of the Firm's representation of the Client in connection with the Matter is subject to a variety of factors which may be unforeseen or beyond the control of the Firm. Therefore, the Client acknowledges and agrees that the Firm has made no promises or guarantees to the Client regarding the outcome or expected results of the Firm's representation of the Client in connection with the Matter and cannot do so while the Matter is pending.

4. **Hourly Billing Rates and Computation.** Hourly billing rates are: $345.00 per hour for Robert Pohl and $75.00 for legal assistants for any time expended on the Matter. Charges for time expended include, without limitation, client conferences, legal research, review of file material and documents sent or received, preparation of and responding to discovery, preparation and filing of court documents and other legal documents, preparation of correspondence, attendance at trials, hearings, meetings and conferences; negotiation with opposing attorneys,

*Faith Cathedral Look Up and Live Ministries, Inc.*
August 20, 2020
Page 2

telephone and electronic media communication, and travel time. There is a minimum charge of 1/10th of an hour for attorney and legal assistant time as to any item billed.

**5.    Fees for the Matter.**

a. Client will pay the Firm for legal services provided by the Firm in connection with the Matter as follows:

i. An **Initial Retainer** in the amount of $10,000.00 to be placed in the Firm's trust account, from which attorney's fees at the Hourly Rate will be transferred to the Firm operating account as earned and from which costs will be paid to third parties as incurred or will be reimbursed to the Firm for those costs previously advanced by the Firm.

b. <u>The Client has the right to terminate the lawyer-client relationship and discharge the Firm at any time and the Client may be entitled to a refund of all or a portion of the fees paid, including the Initial Retainer, if the agreed-upon legal services are not provided.</u>

c. When the issues relating to the Matter have been resolved or the Agreement is terminated as provided herein, the Firm will refund to the Client any unearned portion of the Client's trust balance that remains after all accrued, unpaid fees and expenses have been deducted. In the event the Client discharges the Firm, payment of all fees and expenses will be due immediately. The Client is solely responsible for all fees and expenses due from the Client to the Firm including, if necessary, any reasonable collection costs. Any forbearance by the Firm with regard to any payment or payments, whether as to the amount or the timing of such payments, or both, shall not be construed as a waiver or modification of any provision of the Agreement and the Firm shall always have the right to require strict compliance with the payment terms at any or all times.

6.    **Expenses.** Out-of-pocket charges and expenses for which the Client is responsible include such items as court filing fees, recording fees, fees for expert witnesses, expenses for service of process, commercial messenger deliveries, postage, transcripts, outside copying or document management, printing costs, in-house copying at $0.15 per page, travel, and related expenses such as meals, lodging, and mileage expense (at IRS rates). The Client's invoices will also reflect charges for additional expenditures made on the Client's behalf, such as special computer legal research not covered by the Firm's subscription contract with its service provider. The Firm shall obtain the consent of the Client for any single expense charge greater than $250.00.

7.    **Billing.** The Firm's policy is to bill monthly. In the event that any funds have been paid from the Client's trust balance, such amounts will be shown on the monthly billing statement. Payment of invoices is due on receipt and, except as expressly agreed to otherwise, is not contingent or dependent on the outcome of the Matter. The Firm reserves the right to end its work on the Matter and any other matters for which the Firm may also be engaged, and to withdraw from the representation on proper notice if the Firm does not receive payment in full within thirty

*Faith Cathedral Look Up and Live Ministries, Inc.*
August 20, 2020
Page 3

---

(30) days from the date of the invoice. The Client is advised to review the Firm's invoices as soon as received so that any questions or concerns are raised in a timely fashion.

      **8.**      **Client Cooperation.** The Client agrees to cooperate fully with the Firm in all aspects relating to the Firm's representation of the Client including, without limitation, providing honest, complete, timely, updated and forthright information to the Firm regarding the Matter. Additionally, the Client agrees to promptly pay all fees and expenses and immediately inform the Firm of any changes in address, contact information or extended absences.

      **9.**      **Termination of the Agreement.**

      **a.** Either the Client or the Firm may terminate the Agreement at any time for any reason by written notice, subject on the Firm's part to the professional obligations to the Client pursuant to applicable rules of professional conduct. Unless previously terminated, the Firm's representation of the Client will terminate upon the Firm sending to the Client the Firm's final statement for services rendered in the Matter. Unless the Client engages the Firm after termination of the Matter, the Firm will have no continuing obligation to advise the Client with respect to future legal developments, such as changes in the legal environment that could have an effect on the Client's future rights and liabilities.

      **b.** In addition to the foregoing, the Firm reserves the right to withdraw from representation upon ten (10) days written notice, subject to the applicable rules of court and the rules of professional conduct in the event: (i) the Client fails to abide by the terms of the Agreement or (ii) if any fact or circumstance arises or is discovered that would, in the Firm's judgment, render the Firm's continuing representation of the Client unlawful or unethical.

      **c.** <u>The Client, by executing the Agreement, consents for the Court, upon motion by the Firm, to issue an order that the Firm shall be relieved as the Client's attorney and as counsel of record in any pending action before the Court in the event the Client fails to strictly comply with the payment obligation set forth in this Agreement.</u>

      **10.**      **Clients' Files.** In accordance with the rules of professional conduct, the Firm shall securely store the Client's file for six (6) years after completion or termination of the representation unless (i) the contents of the file are delivered to the Client or the Client's designee; or (ii) the Client authorizes the destruction of the file in a writing signed by the Client, and there are no pending or threatened legal proceedings known to the Firm that relate to the Matter. Notwithstanding the foregoing, the Firm may elect to convert the file to an electronically stored format, capable of producing a paper version if necessary.

*Faith Cathedral Look Up and Live Ministries, Inc.*
August 20, 2020
Page 4

---

WHEREFORE, the parties, intending to be legally bound, have signed this Agreement, which is effective on the date first set forth above.

**POHL, PA**

Dated: 8/20/2020        By: _____
                            Robert A. Pohl, President

**FAITH CATHEDRAL LOOK UP AND LIVE MINISTRIES, INC.**

Dated: 8/20/20         _____
                       Jenette Cureton, Chairperson and Director